IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY A. HURST, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 04-083-GMS-LPS |
| | ) |
| CITY OF DOVER, et al., | ) |
| | ) |
| Defendant | ) |

### REPORT AND RECOMMENDATION

The plaintiff Jerry A. Hurst ("Hurst") filed this civil rights action pursuant to 42 U.S.C. §1983 on February 5, 2004. He also raises supplemental state claims under Delaware law. Hurst appears *pro se* and on March 1, 2004, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4). The court now proceeds to review and screen the first amended complaint pursuant to 28 U.S.C. § 1915.

### I. BACKGROUND

The allegations in this case stem from Hurst's criminal conviction in the Court of Commons Pleas, Sussex County, Delaware, for resisting arrest, falsely reporting an incident, and disorderly conduct. The conviction was affirmed by the Delaware Supreme Court in *Hurst v. Delaware*, 832 A.2d 1251, 2003 WL 21810821 (Del. 2003).

Hurst filed his original complaint on February 5, 2004. It contained the following counts: Count I, 42 U.S.C. § 1983 for conspiracy to cover-up alleged violations in the judicial system of Delaware of applicable laws, regulations, court rules, ethical canons, constitutional and civil rights; Count II, intentional infliction of emotional distress; Count III, negligent training and supervision; Count IV, malicious abuse of process and prosecution; Count V, intentional and/or

negligent exposure to tuberculosis; Count VI, conspiracy; and Counts VII through XIII, supplemental state claims. United States District Judge Kent A. Jordan, Judge screened the complaint and on January 24, 2006, dismissed all claims raised against Warden Rick Kearney and the Sussex Correctional Institute, as well as Counts IV, V, and VII. (D.I. 5.) Hurst was allowed to proceed with the remaining claims against the remaining defendants and service proceeded.

On December 15, 2006, Judge Jordan was elevated to the U.S. Court of Appeals for the Third Circuit and this case was reassigned to the vacant judgeship and referred, first, to U.S. Magistrate Judge Mary Pat Thynge and, then, to U.S. Magistrate Judge Leonard P. Stark. (D.I. 33, 64, 77.) In the meantime, the case was reassigned to Chief, U.S. District Judge Gregory M. Sleet on February 1, 2008. On April 17, 2008, Magistrate Judge Stark granted Hurst's motion for leave to file a first amended complaint. (D.I. 79.)

The first amended complaint, as did the original complaint, references the statement of facts found in the complaint filed in *Hurst v. City of Rehoboth Beach,* Civil Action No. 03-362-SLR. The allegations in 03-362-SLR concern alleged actions taken prior to and after Hurst's arrest, but before his criminal court proceedings. The original complaint in this case referred to Civil Case No. 03-362-SLR, but for the most part contained allegations for a time-frame later than those allegations in Civil No. 03-362-SLR. (D.I. 2.)

Certain facts as alleged in the complaint in Civil Action No.03-362-SLR are relevant to the first amended complaint herein, as follows: Hurst was arrested in April 2001. The chronology is unclear, but he was taken before a local magistrate and then to a hospital for treatment for injuries, or vice versa. Hurst was transported to the Sussex Correctional Institution

("SCI") where he remained for approximately twenty-four hours. At SCI he was beaten, denied proper food and water, and subjected to an involuntary taking of his blood and injection of "tuburculin." Hurst was released "to the street" at approximately 9:30 p.m. on April 9, 2001, but was not actually released until four or five hours later. Upon release, an unnamed individual refused to return his personal items. Eventually the items were returned by the Rehoboth Beach Police Department. (*Hurst v. City of Rehoboth Beach,* Civil Action No. 03-362-SLR, D.I. 1.)

The first amended complaint adds as defendants Justice of the Peace McKenzie ("McKenzie"), Correctional Medical Services ("CMS"), R.N. Whittle ("Whittle"), Hubert Pey ("Pey"), P. Harrison ("Harrison"), B. A. Gunter ("Dr. Gunter"), Dr. Burns ("Dr. Burns"), the Delaware Public Health Laboratory ("DPHL"), Sussex County ("Sussex County"), Robert Stickles ("Stickles"), Beverly Giles ("Giles"), Sgt. BJ ("BJ"), Bryan Hurd ("Hurd"), and reinstates as a defendant Rick Kearney ("Kearney"). The first amended complaint appears to reinstate counts V, VI, and VII. It also adds count XIV, a contempt claim. Unlike the original complaint, here the allegations against the newly added defendants revert back to the time frame prior to Hurst's arrest, through his release from SCI, and up through and including a court hearing held on November 19, 2001.

## II. LEGAL STANDARD

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490

3

U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Hurst is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element."

4

*Phillips v. County of Allegheny, Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Hurst proceeds *pro se*, his pleading is liberally construed and his first amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.[1] *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

### A. Statute of Limitations

As alleged, the claims against CMS, Whittle, Pey, Harrison, Gunter, Dr. Burns, the DPHL, Sussex County, Stickles, Giles, BJ, Hurd, and Kearney occurred prior to Hurst's arrest in early April 2001, his release from SCI on or about April 9, 2001, and up through and including a court hearing held on November 19, 2001.

There is a two year statute of limitation period for § 1983 claims. *See* Del. Code Ann. tit. 10, § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* In reading the first amended complaint it appears that counts II, III, and VI are raised as § 1983 claims. The remaining state claims in counts VIII, IX, X, and XI raise tort or negligence claims, and similarly, the statute of limitations is two years.[2] *See* Del. Code

---

[1] Hurst has indicated to this court that he was a member of the bar in the state of California. He does not, however, hold himself out as a practicing attorney.

[2] Counts IV, V, and VII were dismissed by the court in its March 31, 2004 order. (D.I. 118.) The court stands by the analysis in that order and does not reinstate those counts.

Ann. tit. 10, § 8119.

Hurst's original complaint was filed on February 5, 2004. Accordingly, the acts giving rise to the claims must have occurred after February 5, 2002. Claims not filed within the applicable statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001). The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Smith v. Delaware County Court*, No. 07-4262, 2008 WL 101743 (3d Cir. Jan. 10, 2008); *Wakefield v. Moore*, 211 Fed. Appx. 99 (3d Cir. 2006) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

The claims against the newly added defendants contained in Counts I through III, VI, VIII, IX, X, and XI are barred by the applicable limitations periods as they occurred prior to February 5, 2002. The first amended complaint alleges that Kearney's actions caused Hurst damages, not only on April 9 and 10, 2001, but each and every day since that time as ongoing violations of law and civil rights; it also alleges improper actions against Hurst as well as inmates and pretrial detainees. Hurst has no standing to raise claims on behalf of others, and the court will dismiss such claims to the extent they appear in the first amended complaint. Moreover, the allegation of a continuing violation is nothing more than a blanket assertion to entitlement to

relief. Finally, the conspiracy allegations against Kearney fall outside the two year limitation period as the alleged conspiratorial act pertains to a court order dated September 26, 2001 to produce Hurst's blood sample. It is evident from the face of the first amended complaint that Hurst's claims against the newly added defendants as contained in counts I through III, VI, VIII, IX, X, and XI are barred by the applicable limitations period. Therefore, the court will dismiss counts I through III, VI, VIII, IX, X, and XI raised against the defendants CMS, Whittle, Pey, Harrison, Gunter, Dr. Burns, the DPHL, Sussex County, Stickles, Giles, BJ, Hurd, and Kearney claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Conversion/Theft

Count XII raises a conversion/and or theft claim. While not clear, the court construes the first amended complaint as alleging conversion or theft when, upon his release from SCI, Hurst was refused the return of his personal items. It is alleged, however, the Rehoboth Police Department eventually returned the items.

Generally, the necessary elements for a conversion under Delaware law are that a plaintiff had a property interest in the converted goods; that the plaintiff had a right to possession of the goods; and that the plaintiff sustained damages. *See Facciolo Constr. Co. v. Bank of Delaware*, 514 A.2d 413 (Del. 1986) (table decision). The allegations in the first amended complaint indicate that Hurst's items were eventually returned to him. Even liberally construing the first amended complaint in the light most favorable to Hurst, it fails to state a claim for conversion or theft against the newly added defendants. Therefore, the court will dismiss count XII raised against the defendants CMS, Whittle, Pey, Harrison, Gunter, Dr. Burns, the DPHL, Sussex County, Stickles, Giles, BJ, Hurd, and Kearney claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### C. Breach of Contract

Count XIII raises a breach of contract claim, but there are no facts to support such a claim against the newly added defendants. Therefore, to the extent that a breach of contract claim is raised against the defendants McKenzie, CMS, Whittle, Pey, Harrison, Gunter, Dr. Burns, the DPHL, Sussex County, Stickles, Giles, BJ, Hurd, and Kearney, the court will dismiss said claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

### D. Contempt of Court

Count XIV alleges that several defendants acted in flagrant defiance of court orders entered in Hurst's underlying criminal case and this "constitutes contempt of court until these orders are complied with." "[C]ivil contempt proceedings are 'considered to be a part of the action from which they stem.'" *F.T.C. v. Kuykendall*, 371 F.3d 745, 753 (10th Cir. 2004) (quoting *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993); 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1017, at 71 (1987)). As a result, "there is no such thing as an independent cause of action for civil contempt." *D. Patrick v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993) (quoting *Blalock v. United States*, 844 F.2d 1546, 1550 (11th Cir. 1988)). To the extent that Hurst may be entitled to compensatory damages in the form of a fine for contempt of court in his underlying criminal case, such damages are not cognizable as a claim or independent cause of action in this case. Therefore, the court will dismiss Count XIV for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

### E. Judicial Immunity

Hurst adds as a defendant Justice of the Peace McKenzie. McKenzie is mentioned in reference to the issuance of a warrant. In this context it is alleged that "the entry itself was completely concealed from the magistrate issuing the daytime warrant (Justice of the Peace McKenzie) with 'complete absence of jurisdiction' under 11 Del. C. § 2208 at Parsons request."

As is well-known, judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco,* 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id.* at 11-12. Here, Hurst uses the appropriate buzz words (i.e., "complete absence of all jurisdiction") in an unsuccessful effort to state a claim against McKenzie. There must be some factual allegation in the complaint to provide "fair notice" as well as the "grounds" on which the claim rests. The claim does neither and fails to state a claim against McKenzie upon which relief may be granted. Accordingly, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. CONCLUSION

For the reasons set forth above, I recommend:

1. The claims contained in the first amended complaint against the defendants Justice of the Peace McKenzie, Correctional Medical Services, R.N. Whittle, Hubert Pey, P. Harrison, B. A. Gunter, Dr. Burns, the Delaware Public Health Laboratory, Sussex County, Robert Stickles, Beverly Giles, Sgt. BJ, Bryan Hurd, and Rick Kearney be **dismissed** as barred by the applicable statute of limitation period and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Counts IV, V, and VII **not be** reinstated to the first amended complaint and remain **dismissed** pursuant to the court's January 24, 2006 order.

3. All claims raised by the plaintiff on behalf of other detainees or inmates be **dismissed**.

4. Count XIV, the contempt claim, be **dismissed** as against all defendants.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. **Within ten (10) days** after being served with a copy of this Report and Recommendation, **Plainitff may serve and file specific written objections**. Fed. R. Civ. P. 72(b)(2).

The parties are directed to the Court's Standing Order In *Pro Se* Matters For Objections Filed Under Fed. R. Civ. P. 72 (dated April 7, 2008), a copy of which is available on the Court's website (www.ded.uscourts.gov/StandingOrdersMain.htm).

The Clerk of the Court is hereby directed to cause a copy of this Report and Recommendation to be mailed to Plaintiff.

                                                                                   Honorable Leonard P. Stark
                                                                                   United States Magistrate Judge

April 17, 2008
Wilmington, Delaware