IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
                                        )
JERRY A. HURST,                         )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )      Civil Action No. 04-083 GMS
                                        )
CITY OF DOVER, et al.                   )
                                        )
        Defendants.                     )
                                        )
```

### MEMORANDUM

## I.    INTRODUCTION

On February 5, 2004, the plaintiff Jerry A. Hurst ("Hurst") filed this civil rights action pursuant to 42 U.S.C. § 1983. The complaint also raised supplemental state law claims under Delaware law. Hurst appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4.) On February 20, 2008, Hurst moved for leave to file his first amended complaint, which added certain claims and defendants. (D.I. 75.) Magistrate Judge Leonard P. Stark granted the motion and screened the first amended complaint pursuant to 28 U.S.C. § 1915. (D.I. 79, 80.) On April 17, 2008, Magistrate Judge Stark issued a report recommending that the court dismiss the amended complaint's claims against the newly added defendants as well as certain other counts. (D.I. 80.) Hurst filed timely objections to the magistrate judge's recommended disposition. (D.I. 82.) The court now resolves those objections. *See* Fed. R. Civ. P. 72(b).

## II.   BACKGROUND

The allegations in Hurst's original complaint arise from his criminal conviction in the

1

Court of Common Pleas, Sussex County, Delaware, for resisting arrest, falsely reporting an incident, and disorderly conduct. (D.I. 2; D.I. 5 (*Hurst v. City of Dover et al.*, 2006 U.S. Dist. LEXIS 57020 (D. Del. Jan. 24, 2006).) The original complaint, filed on February 5, 2004, contained the following counts: Count I, 42 U.S.C. § 1983 for conspiracy in the Delaware judicial system to cover up alleged violations of applicable laws, regulations, court rules, ethical canons, and constitutional and civil rights; Count II, intentional infliction of emotional distress; Count III, negligent training and supervision; Count IV, malicious abuse of process and prosecution; Count V, intentional or negligent exposure to tuberculosis; Count VI, conspiracy; and Counts VII through XIII, all supplemental state claims under Delaware law.[1] On January 24, 2006, United States District Court Judge Kent A. Jordan screened the complaint, dismissing Counts IV, V, and VII and all claims raised against Warden Rick Kearney and the Sussex Correctional Institute ("SCI") but permitting Hurst to proceed with the remaining claims against the remaining defendants. This case was then reassigned to this court and later referred to United States Magistrate Judge Leonard P. Stark. (D.I. 33, 64, 77; *see* D.I. 80.)

On April 17, 2008, on Hurst's motion, Magistrate Judge Stark granted Hurst leave to file a first amended complaint. (D.I. 79.) The amended complaint added several defendants: Justice of the Peace McKenzie; Correctional Medical Services ("CMS"), along with R.N. Whittle, Hubert Pey, P. Harrison M.H.S., B.A. Gunter, M.D., and Dr. Burns (collectively, the "CMS defendants"); Delaware Public Health Laboratory ("DPHL"); and Sussex County, along with Robert Stickles and Beverly Giles (collectively, the "Sussex County defendants"); and Rick Kearney,[2] Sgt. BJ, and Bryan Hurd (collectively, the "SCI defendants"). (D.I. 75.)   The

---

[1] This case relates to claims brought by Hurst in Civil Action No. 03-362.

[2] Hurst reinstated Kearney in the amended complaint after the original complaint's charges against Kearney were dismissed by the court's prior Order. (D.I. 5.)

complaint also added Count XIV, a contempt claim, and reinstated three other claims – Counts IV, V, and VII of the amended complaint – that had been previously dismissed. (*Cf.* D.I. 75 *with* D.I. 5.)

Like the original complaint, the amended complaint refers to the statement of facts in Hurst's complaint in the related action, *Hurst v. City of Rehoboth Beach*, Civil Action No. 03-362. In that case, Hurst's allegations focus on events surrounding his arrest in April 2001. The original complaint in this case refers to the related action but focuses more on events occurring after Hurst's arrest, including subsequent court hearings. As reflected in the other case's complaint, Hurst was arrested in April 2001. He was later taken before a local magistrate as well as to a hospital for treatment of his injuries. Hurst was then taken to Sussex Correctional Institution ("SCI"), where he suffered beatings, deprivation of proper food and water, and involuntary taking of blood and injection of "tuberculin." Hurst was released approximately 24 hours later. At the time of his release, an unnamed person refused to return Hurst's personal effects, although the Rehoboth Beach Police Department later returned the items to him.

Magistrate Judge Stark screened the amended complaint and issued a report and recommendation on April 17, 2008. (D.I. 80.) In the report and recommendation, the magistrate judge recommended that the court dismiss all claims against the newly added defendants, all claims raised on behalf of other detainees or inmates, and Count XIV. (*Id.*) The magistrate judge also recommended that the already-dismissed claims not be reinstated. (*Id.*) On May 5, 2008, Hurst filed timely objections to the magistrate judge's report and recommendation pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.

## III.    STANDARD OF REVIEW

### A.    Objections to a Magistrate Judge's Report and Recommendation

3

To resolve a party's properly raised objections to a magistrate judge's report and recommendation, the district court must determine *de novo* the parts of the magistrate judge's disposition to which the party has objected. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) (2008). On the other hand, the district court reviews the parts of the magistrate judge's disposition to which there are no objections for clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) 1983 Advisory Committee Notes. In either case, the district court may accept, reject, or modify the magistrate judge's recommended disposition. The district court may also choose to receive further evidence or to return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) (2008).

### B.    Screening *In Forma Pauperis* Proceedings Under 28 U.S.C. § 1915

A court shall dismiss a case brought by a litigant proceeding *in forma pauperis* if the court finds that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). In performing the statutorily required screening, the court applies the standard of review applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Gruwell v. Corr. Med. Servs.*, 2008 U.S. Dist. LEXIS 40309, at *2 (D. Del. May 16, 2008) (internal citations omitted). The court accepts all factual allegations in the complaint as true, and views them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal citations and quotations omitted); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted); Fed. R. Civ. P. 8. Under this standard, a complaint must make a "showing," not just a "blanket assertion . . . of entitlement to relief."

4

*Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly*). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotations omitted). Put differently, the complaint must "mak[e] a sufficient showing of enough factual matter (taken as true) to suggest the required elements of [the] claims." *Phillips*, 515 F.3d at 235. When applying this standard, the court treats *pro se* litigants different from represented parties. The court must construe pleadings that are filed *pro se* liberally and must hold a *pro se* complaint – even if inartfully pleaded – to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 127 S. Ct. at 2200.

## IV.    DISCUSSION

In the report and recommendation, the magistrate judge concluded that claims against certain defendants should be dismissed as barred by the applicable statute of limitations and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The magistrate judge also concluded that Counts IV, V, and VII should not be reinstated after being dismissed in a prior Order, that all claims raised on behalf of other inmates or detainees should be dismissed for lack of standing, and that the contempt claim, Count XIV, should be dismissed against all defendants because it is not a cognizable cause of action in this court. The court will address each conclusion in turn.

### A.    The Statute of Limitations

The magistrate judge concluded that the applicable statutes of limitations barred Hurst's claims against the newly added defendants as contained in counts I-III, VI, VIII, IX, X, and XI. Hurst objects to these findings on various grounds. (D.I. 82.) The court agrees with the magistrate judge's analysis and conclusion.

5

The magistrate judge properly considered whether the statute of limitations applies to bar Hurst's claims. In ordinary civil suits, the statute of limitations is an affirmative defense that must be raised by the defendant; if not properly raised by the defendant, the defense is waived. *Smith v. Del. County Court*, 260 Fed. Appx. 454, 455 (3d Cir. Jan. 10, 2008). But while screening complaints under 28 U.S.C. § 1915(e), a court may dismiss a complaint *sua sponte* as barred by a statute of limitations where raising the statute of limitations as a defense is obvious from the face of the complaint and no development of the factual record is needed to determine whether such dismissal is appropriate. *Id.* Such is the case here. Thus, the court will determine the applicable statute of limitations period and whether the claims were brought within that period.

The magistrate judge also correctly stated the applicable statute of limitations period. This court, as did the magistrate judge, construes counts I, II, III, and VI to raise 42 U.S.C. § 1983 claims and counts VIII, IX, X, and XI to raise various tort or negligence claims. (Am. Compl. ¶¶ 71-86.) Claims brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued. *O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2005). In Delaware, the statute of limitations for personal injury claims is two years. Del. Code Ann. tit. 10, § 8119 (2008). Thus, the statute of limitations for Hurst's claims brought under 42 U.S.C. § 1983 is two years. Likewise, the statute of limitations for Hurst's tort or negligence claims is also two years. *Id.*

Hurst filed his original complaint on February 5, 2004. So the statute of limitations bars his claims based on acts occurring before February 5, 2002. In the amended complaint, many claims arise from acts occurring before Hurst's trial on February 5, 2002. Specifically, Hurst's claims against the CMS defendants, the DPHL, the Sussex County defendants, and the SCI

6

defendants arise from acts occurring around the time of his arrest in early April 2001, his release from SCI a few days later, and a November 19, 2001 court hearing.  Since these events occurred before February 5, 2002, Hurst's claims arising from them are barred by the statute of limitations.

The amended complaint also alleges that the conspiratorial acts continue to this day.  The magistrate judge concluded that the amended complaint's allegations of continuing violations by the newly added defendants constitute mere blanket assertions of entitlement to relief and thus fail to state a claim upon which relief can be granted.  The court agrees.  These formulaic allegations fall short of the required showing of enough factual matter, taken as true at this point in the proceedings, to suggest the required elements of the claims. *Phillips*, 515 F.3d at 231-32, 235 (internal citations omitted).  Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court will dismiss Counts I, II, III, VI, VIII, IX, X, and XI as raised against the newly added defendants for failure to state a claim upon which relief can be granted.

### B.    Count XII – Hurst's Claim for Conversion or Theft

Count XII of the amended complaint raises a claim for conversion or theft.  (D.I. 75 at 51.)  The magistrate judge found that Count XII failed to state a claim upon which relief can be granted.  Hurst did not object to this finding.  Thus, the court reviews it for plain error or manifest injustice. *See* Fed. R. Civ. P. 72(b) 1983 Advisory Committee Notes; *Stankowski v. Farley et al.*, 487 F. Supp. 2d 543, 549 (M.D. Pa. 2007) (citing *Sullivan v. Cuyler*, 723 F.2d 1077, 1085 (3d Cir. 1983)).

The magistrate judge construed this claim to arise from Hurst's allegation that his personal items were not returned to him when he was initially released from Sussex Correctional Institution.  Hurst also alleges, however, that the Rehobeth Police Department eventually

7

returned the items. In Delaware, a claim for theft or conversion requires the plaintiff to establish that (1) the plaintiff had a property interest in the converted goods; (2) the plaintiff had a right to possess the goods; and (3) the plaintiff sustained damages. *See Facciolo Constr. Co. v. Bank of Delaware*, 514 A.2d 413 (1986) (table decision); 18 Am. Jur. 2d Conversion § 2 (2007); *UD Tech. Corp. v. Phenomenex, Inc.*, 2007 U.S. Dist. LEXIS 642, at \*27 (D. Del. January 4, 2007). Since Hurst alleges that he was returned the items, he fails to state a claim for conversion or theft. The court finds that there is no plain error or manifest injustice in the magistrate judge's report and recommendation as to Count XII and thus will accept this disposition.[3]

## C.    Count XIII – Breach of Contract

The magistrate judge concluded that there were no facts to support Count XIII, a breach of contract claim, as raised against the newly added defendants. In his Objections, Hurst does not object to this finding. Reviewing this disposition for clear error or manifest injustice, the court finds none and therefore accepts the recommended disposition.[4]

## D.    Count XIV – Contempt of Court

In Count XIV, Hurst alleges that several defendants contemptuously defied court orders entered in Hurst's underlying criminal case. The magistrate judge found that Count XIV failed to state a claim upon which relief can be granted because the contempt claim is cognizable only in the court in which the underlying criminal action was heard, the Delaware Court of Common Pleas. Hurst objects to this finding, arguing that Count XIV raises claims for contempt of court as well as fraud on the court with respect to this court in addition to the Court of Common Pleas,

---

[3] Even under *de novo* review, the court would accept the magistrate judge's disposition because the court determines that Hurst's conversion or theft claim fails to state a claim upon which relief can be granted.

[4] Again, even applying *de novo* review, the court would accept the magistrate judge's disposition because the court determines that Hurst's breach of contract claim as raised against the new defendants fails to state a claim upon which relief can be granted.

8

where Hurst's criminal trial was held. (D.I. 82 at 10.)

The court agrees with the magistrate judge's construal of Count XIV as well as the magistrate judge's proposed disposition. As explained in the report and recommendation, "[c]ivil contempt proceedings are considered to be a part of the action that is the source of the order that is the subject of the noncompliance." 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1017 (2002). Thus, Count XIV does not raise a cognizable claim for contempt because this court is not the source of the allegedly defied order. Even assuming Hurst is entitled to compensatory damages based on a finding of contempt of court in his criminal case, that entitlement does not raise a cognizable claim in this separate civil action. Nor does the amended complaint raise a cognizable claim by alleging fraud on this court or citing to full faith and credit principles.[5] Thus, the court agrees with the magistrate judge's disposition that Count XIV fails to state a claim upon which relief can be granted.

### E.    Previously Dismissed Counts IV, V, and VII

In addition to new claims, Hurst also seeks to reinstate certain claims already dismissed by the court. (*Cf.* D.I. 75 *with* D.I. 5.) While the court reviews a magistrate judge's report and recommendation upon properly filed objections to certain dispositions therein, as required by Rule 72, the court will not similarly revisit claims already dismissed by the district judge to which this matter was formerly assigned. *See* Fed. R. Civ. P. 72(b). Thus, the court accepts the magistrate judge's recommendation that Counts IV, V, and VII not be reinstated to the first amended complaint. Instead, they will remain dismissed per the court's January 24, 2006 Order.

---

[5] The amended complaint does not support a claim that this court has been the victim of fraud, since the alleged fraud occurred during Hurst's underlying criminal trial. *Cf. Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (discussing a federal court's inherent power "to vacate *its own* judgments upon proof that a fraud has been penetrated upon the court") (emphasis added). And Hurst's invocation of full faith and credit principles fails to raise a cognizable claim because his dispute is with the Delaware court's treatment of its own proceedings.

(D.I. 5.)

### F.    Claims Raised on Behalf of Other Inmates

In the report and recommendation, the magistrate judge concluded that all claims raised by Hurst on behalf of other inmates or detainees should be dismissed.  (D.I. 80.)  Hurst objects to this conclusion on the basis that Hurst did not bring such claims.  (D.I. 82 at 9.)  The practical result is the same.  Thus, the court finds that no claims brought on behalf of other detainees or inmates exist in this case, either because this court will dismiss them for lack of standing or because Hurst's position is that he now brings no such claims.

### G.    Judicial Immunity

The amended complaint adds Justice of the Peace McKenzie as a defendant.  The magistrate judge concluded that claims against Justice of the Peace McKenzie should be dismissed for failure to state a claim upon which relief can be granted.  Hurst objects to this conclusion, arguing that the magistrate judge considered the issue of immunity generally but failed to "suggest 'immunity' for McKenzie."  (D.I. 82 at 16 (emphasis in original).)

Contrary to Hurst's assertion, however, the report and recommendation specifically addresses immunity from the amended complaint's allegations with respect to Justice of the Peace McKenzie.  The amended complaint alleges that Justice of the Peace McKenzie issued a warrant with "complete absence of jurisdiction."  Generally, judges are immune from suits for money damages.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *e.g.*, *Wise v. Carrafiello*, 218 Fed. Appx. 180, 182 (3d Cir. 2007) (citing *Mireles v. Waco*).  This judicial immunity is overcome only in two circumstances: (1) a judge is not immune from liability for nonjudicial actions, and (2) a judge is not immune for actions, albeit judicial in nature, that the judge takes "in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. at 11-12.  In this case, the

amended complaint alleges that Justice of the Peace McKenzie took judicial action "in the complete absence of all jurisdiction."   But the amended complaint lacks factual allegations sufficient to provide both fair notice of what Hurst's claim against Justice of the Peace McKenzie is and the grounds on which it rests. *Phillips*, 515 F.3d at 231-32. Thus, the amended complaint's claims against Justice of the Peace McKenzie should be dismissed for failure to state a claim upon which relief can be granted, and the court will accept the magistrate judge's proposed disposition with respect to claims against this defendant.

## V.   CONCLUSION

For the reasons stated above, the court will adopt the magistrate judge's proposed disposition and dismiss the amended complaint's claims against the newly added defendants, Counts IV, V, and VII, claims raised on behalf of other detainees or inmates, and Count XIV.

Dated: June _16_, 2008

CHIEF, UNITED STATES DISTRICT JUDGE

```
FILED

JUN 1 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY A. HURST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-083 GMS |
| | ) |
| CITY OF DOVER, *et al*. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The Report and Recommendation (D.I. 80) of Magistrate Judge Leonard P. Stark is ADOPTED;

2. Hurst's Objections to Magistrate Judge's Report and Recommendation (D.I. 82) are DENIED;

3. The claims in the First Amended Complaint (D.I. 75) against Justice of the Peace McKenzie; Correctional Medical Services, along with R.N. Whittle, Hubert Pey, P. Harrison, B. A. Gunter, and Dr. Burns; the Delaware Public Health Laboratory; Sussex County, along with Robert Stickles and Beverly Giles; and Rick Kearney, Sgt. BJ, and Bryan Hurd are DISMISSED as barred by the statute of limitations and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B);

4. Counts IV, V, and VII in the First Amended Complaint remain DISMISSED pursuant

to the court's January 24, 2006 Order (D.I. 5);

5. All claims raised by Hurst on behalf of other detainees or inmates are DISMISSED; and

6. Count XIV is DISMISSED against all defendants.

Dated: June /6 , 2008

CHIEF UNITED STATES DISTRICT JUDGE

**FILED**

JUN 1 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE