IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY A. HURST, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 04-083-GMS-LPS |
| | ) |
| CITY OF DOVER, et al., | ) |
| | ) |
| Defendant | ) |

**MEMORANDUM ORDER REGARDING**
**PLAINTIFF'S MOTION FOR INJUNCTION**

1. *Pro se* Plaintiff, Jerry A. Hurst, has moved to enjoin defendants from taking his deposition in Delaware. (D.I. 109) On September 3, 2008, I denied Plaintiff's Motion for Protective Order, which had also sought to prevent his deposition in Delaware. (D.I. 102)

2. In denying Plaintiff's Motion for Protective Order, I wrote:

> Having filed this action in this District, plaintiff is required to answer appropriate discovery requests, including appearing for a deposition in this District upon receipt of reasonable notice of such deposition. Defendants have provided such reasonable notices on two occasions. If plaintiff is going to represent himself he has an obligation to work with defense counsel in good faith to resolve issues relating to the mechanics of the discovery process, including the timing, location, and method of taking the deposition. From the record it appears that plaintiff has not cooperated in good faith on matters relating to his deposition.

(D.I. 102 at 1-2)

3. Subsequent to, and consistent with, my earlier ruling, defendants noticed Plaintiff's deposition for October 16, 2008 at 10:00 a.m. in Delaware. (D.I. 109 at 7)

4. Plaintiff faults the notice of deposition on three bases, all of which may easily be addressed. First, he does not want his deposition to take place on multiple days. As Hurst points out, Fed. R. Civ. Proc. 30(d) generally limits depositions to "1 day of 7 hours." Provided that all

act in good faith and do not attempt to delay or disrupt the ordinary give-and-take of questions and answers, I see no reason that a seven hour deposition of Hurst should extend beyond a single day. *But see id.* ("The court must allow additional time . . . if the deponent, another person, or any other circumstance impedes or delays the examination."). Second, Hurst would prefer his deposition to take place by telephone. However, given the inordinate difficulties the defendants and the Court have encountered in even making the deposition happen, and further given what defendants accurately characterize as the "lengthy and broad-reaching" claims plaintiff has made in this action (D.I. 110 ¶ 4), I find no reason to restrict defendants to a telephone deposition.[1] Third, Hurst claims defendants have violated Fed. R. Civ. P. 30(b)(3) by leaving themselves the option of taking his deposition by transcription and/or videotape. Without deciding whether the notice lacks sufficient specificity on this point, *see generally* Fed. R. Civ. P. 30(b)(3)(B) ("With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice."), any conceivable prejudice to Hurst can, and hereby is, eliminated by limiting defendants to taking the deposition by transcription.

5.   I reiterate that by representing himself, Plaintiff has chosen to act in both the roles of litigant and representative. Both roles impose certain obligations. As a litigant who chose to file an action in Delaware, he must make himself reasonably available to appear in Delaware for case-related proceedings, including his own deposition. As his own representative, he must work in good faith with opposing counsel to ensure that this case proceeds in accordance with

---

[1] Furthermore, Plaintiff's request for a telephone deposition is entirely inconsistent with his simultaneous request that defense counsel "be enjoined from telephoning Hurst's residence" for any purpose. (D.I. 109 at 2) Plaintiff's request for such an injunction is hereby denied. In his capacity as his own representative, Hurst has an obligation to communicate with opposing counsel regarding procedural aspects of his case.

applicable procedural rules and orders.

6. Plaintiff is hereby ordered to appear in Delaware on October 16, 2008 at 10:00 a.m. for his previously and adequately noticed deposition. Such deposition will be taken by transcription. It will be limited to a maximum of seven hours, to begin and end on October 16, 2008.

7. I recognize that it is a financial hardship for Hurst, who has been granted *in forma pauperis* status (D.I. 4), to come to Delaware. Yet he has filed an action in Delaware and, by doing so, he has assumed an obligation to prosecute the case here or risk its dismissal. If this case ever reaches trial, trial will take place in Delaware. Hurst's insistence that "it is a financial impossibility" (D.I. 109 at 5) for him to travel to Delaware next week for his deposition is undercut by the facts that: (i) Defendants have offered to pay certain of his expenses (D.I. 110 ¶3; *see also id.* at Ex. A ("The defense will agree to pay your lodging for up to two nights at a maximum of $125 per night.")); (ii) Hurst has evidently propounded discovery requests on defendants that would require him to come to Delaware to undertake (D.I. 110 ¶ 6 (quoting Plaintiff's document request No. 17, seeking, *inter alia*, "that defendants permit plaintiff to enter all of its facilities in Delaware")); and (iii) the history of Hurst's refusal to attend a deposition, in this and a related case (*see, e.g.*, D.I. 102, 110; *see also* C.A. No. 03-362-SLR D.I. 186).

8. Defendants are hereby ordered to pay Plaintiff's reasonable travel and lodging expenses for October 15 and 16, 2008, up to a maximum of $125 per day, upon Plaintiff's presentation to Defendants of receipts for such expenses. *See* Fed. R. Civ. P. 1 ("[These rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

9. Defendants' request for a discovery teleconference (D.I. 111) is denied.

Accordingly, for the reasons set forth above, Hurst's Motion for Injunction is DENIED.

This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. **Within ten (10) days** after being served with a copy of this Memorandum Order, **Plaintiff may serve and file specific written objections**. Fed. R. Civ. P. 72(b)(2).

The parties are directed to the Court's Standing Order In *Pro Se* Matters For Objections Filed Under Fed. R. Civ. P. 72 (dated April 7, 2008), a copy of which is available on the Court's website (www.ded.uscourts.gov/StandingOrdersMain.htm).

**THE PARTIES ARE REMINDED THAT THE PENDENCY OF THE OBJECTIONS PERIOD, OR THE FILING OF ANY OBJECTIONS, DOES NOT REMOVE, DIMINISH, OR ALTER THEIR OBLIGATION TO COMPLY WITH THE TERMS OF THIS MEMORANDUM ORDER, ABSENT ANY FURTHER RELIEF FROM THE COURT.**

The Clerk of the Court is hereby directed to cause a copy of this Memorandum Order to be mailed to Plaintiff.

October 8, 2008
Wilmington, Delaware

Honorable Leonard P. Stark
United States Magistrate Judge