IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JERRY A. HURST,                )
                               )
        Plaintiff,             )
                               )
        v.                     )        Civil Action No. 04-083-GMS
                               )
CITY OF DOVER, *et al.*        )
                               )
        Defendants.            )
                               )

### MEMORANDUM

## I.   INTRODUCTION

On February 5, 2004, the plaintiff, Jerry A. Hurst ("Hurst"), filed the complaint in this

*pro se* action pursuant to 42 U.S.C. § 1983.  (D.I. 1.)  In the complaint, in addition to his § 1983

claim under federal law, Hurst also raises a number of supplemental state law claims against a

host of defendants.[1]  Presently before the court are the plaintiff's objections to the magistrate

judge's report and recommendation regarding pending motions in this action (the "Plaintiff's

---

[1]Hurst has named the following defendants(collectively, "the defendants"): the City of
Dover, Delaware ("City of Dover"); Dover police officers Chief Jeffrey Horvath ("Horvath"), Lt.
Benton Counselman ("Counselman"), and Sgt. Steven Getek ("Getek"); the City of Rehoboth
Beach, Delaware ("City of Rehoboth Beach"); Rehoboth Beach police officers Chief Keith
Banks ("Banks"), Cpl. Paul Parsons ("Parsons"), officer Jamie Riddle ("Riddle"), officer
Michael Armstrong ("Armstrong"), Ptlw. Bonnie Ladd ("Ladd"), and Sgt. Collette Sutherland
("Sutherland"); Rehoboth Beach EMT's John Wothers ("Wothers") and Tammie Morrison
("Morrison"); Rehoboth Beach City Solicitor Walter Speakman ("Speakman"); Delaware Court
of Common Pleas Judge Merrill C. Trader ("Judge Trader"); clerk and assistant to Judge Trader,
Linda White ("White"); court reporter Linda Lavender ("Lavender"); Clerk of the Delaware court
of Common Pleas, Doris Wilkins ("Wilkins"); Prothonotary, Joyce Collins ("Collins"); Sussex
Correctional Institute ("SCI") Warden Rick Kearney ("Warden Kearney"); SCI; Deputy
Attorneys General Veronica Faust ("Faust") and Christine Tunnell ("Tunnell"); and unknown
defendants, John Does I through X.

Objections").[2] For the reasons that follow, the court will overrule these objections, and adopt the disposition of the pending motions in this case, as recommended by the magistrate judge in the February 13, 2009 report and recommendation.

## II.    BACKGROUND

The allegations in this case stem from the plaintiff's criminal conviction in the Court of Common Pleas, Sussex County, Delaware for resisting arrest, falsely reporting and incident, and disorderly conduct. (D.I. 156 at 1.) On March 14, 2008, this case was referred to U.S. Magistrate Judge Leonard P. Stark. On February 13, 2009, Magistrate Judge Stark issued a Report and Recommendation and Order Regarding Various Motions (the "Report and Recommendation") (D.I. 156). Specifically, in the Report and Recommendation, the magistrate judge addressed the following motions: (1) a motion for summary judgment filed by defendants City of Rehoboth Beach and Speakman (collectively, the "City of Rehoboth Beach Defendants"), and joined by defendants City of Dover, Horvath, Counselman and Getek (collectively, the "Dover Defendants") (D.I. 134, 139); (2) a motion for summary judgment filed by defendants Banks, Riddle, Armstrong, Parsons, Ladd and Sutherland (collectively, the "Rehoboth Beach Officer Defendants"), and joined by the Dover Defendants (D.I. 137, 139); and (3) a motion for summary judgment filed by defendants Judge Trader, White Wilkins, Collins, Lavender, Faust, and Tunnell (collectively, the "State Defendants") (D.I. 140).

In addition to these three motions for summary judgment, the magistrate judge also addressed the State Defendants' motion to dismiss the complaint (the "Motion to Dismiss") (D.I.

---

[2] The magistrate judge issued the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. (D.I. 156.)

127), as well as the State Defendants' motion for protective order and/or to stay (the "Motion to Stay") (D.I. 122). The magistrate judge also addressed the following motions filed by the plaintiff: (1) a motion for full faith and credit (the "Motion for Full Faith Credit") (D.I. 129); (2) a motion to compel discovery pursuant to Fed. R. Civ. P. 37 and 56 (f) (the "Motion to Compel") (D.I. 130); and (3) a "Motion in regard to Transcript and Correction of Errors of Record"(the "Motion for Miscellaneous Relief") (D.I. 145).

As set forth in the Report and Recommendation, the magistrate judge made several recommendations regarding the disposition the pending motions in this case. (D.I. 156.) Specifically, the magistrate judge recommended that the City of Rehoboth Beach Defendants', the Rehoboth Beach Officer Defendants', and the State Defendants' motions for summary judgment be granted with respect to the federal counts. (D.I. 156 at 6.) The magistrate judge also recommended that this court decline to exercise supplemental jurisdiction over the plaintiff's state law claims, and dismiss the state law claims without prejudice. (*Id.*) In addition, the magistrate judge further recommended that all of the remaining motions be denied as moot. (*Id.*)

On March 5, 2009, the plaintiff filed objections to the magistrate judge's Report and Recommendation. (D.I. 158.) As a basis for these objections, the plaintiff contends that the magistrate judge erred as a matter of law by granting the defendants' motions for summary judgment without first ruling on the plaintiff's pending Rule 56(f) motion. (*Id.* at 1.) The plaintiff also objects to the magistrate judge's application of relevant summary judgment principles, as well as the magistrate judge's determination that the plaintiff's evidence is "unsupported conjecture" that cannot survive a summary judgment motion. (*Id.* at 9, 21.)

3

### III.    STANDARD OF REVIEW

When reviewing the decision of a magistrate judge on a dispositive matter, the court conducts a *de novo* review. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3).  A motion to dismiss is a dispositive matter.  *Id.*  The court may accept, reject, or modify the recommendations of the magistrate judge.  The court may also choose to receive further evidence or to return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(c) (2008).  Accordingly, to resolve a party's properly raised objections to a magistrate judge's report and recommendation, the court must determine *de novo* the parts of the magistrate judge's disposition to which the party has objected.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(c) (2008).  Conversely, the court reviews the parts of the magistrate judge's disposition to which there are no objections for clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) 1983 Advisory Committee Notes.

### IV.    DISCUSSION

Here, after having considered the record in this case, the Report and Recommendation, the parties' submissions, and the applicable law, the court concludes that the magistrate judge committed no legal error in reaching the decision in this case.  Specifically, the magistrate judge correctly determined that there are no issues of material fact with respect to any of the plaintiff's claims on the merits, and that the defendants' are entitled to summary judgment as a matter of law.  The magistrate judge also correctly determined that the plaintiff's state law claims should be dismissed, and that all of the remaining motions should be denied as moot.  In reviewing the Report and Recommendation, the court detects no error in the magistrate judge's factual determinations, nor in his legal conclusions in this case.  Conversely, the court is not persuaded

4

by the Plaintiffs' Objections to the Report and Recommendations. The court will, therefore,

overrule the Plaintiff's Objections, and adopt the disposition of the pending motions in this case,

as recommended by the magistrate judge in the Report and Recommendation.

### A.    The Magistrate Judge Correctly Determined That The Defendants Are Entitled To Summary Judgment

The court is not persuaded by the plaintiff's objection to the magistrate judge's

recommendation that the City of Rehoboth Beach Defendants', the Rehoboth Beach Officer

Defendants', and the State Defendants' motions for summary judgment be granted. With respect

to each of these motions, the magistrate judge correctly determined that there are no issues of

material fact with respect to any of the plaintiff's claims on the merits, and that each of these

defendants are entitled to judgment as a matter of law. Specifically, with respect to the City of

Rehoboth Beach Defendants' motion for summary judgment, the magistrate properly found that

"there is simply no testimonial or documentary evidence in the record supporting [the plaintiff's]

claim of violations of his rights under § 1983." (D.I. 156 at 13.) The magistrate judge correctly

noted that "unsupported allegations" such as those alleged by the plaintiff are legally insufficient

as a matter of law to render a municipality or any individual defendants liable under the statute.

(*Id.*) Similarly, the magistrate judge also properly concluded that these defendants are entitled to

summary judgment in their favor on the plaintiff's claims for intentional infliction of emotional

distress, negligence, and conspiracy.

The court also detects no error in the magistrate judge's recommendation that the

Rehoboth Beach Officer Defendants' motion for summary judgment be granted. Again, the

magistrate judge correctly determined that the plaintiff's "conclusory allegations" are not

5

sufficient to support a claim of violation of rights under § 1983 or any of the other alleged claims. (D.I. 156 at 18-21.)  The court, likewise, agrees with the magistrate judge's recommendation that the State Defendants' motion for summary judgment be granted. The magistrate correctly articulated and applied the principles of absolute, judicial and quasi-judicial immunity to the allegations in this case. (*Id.* at 22-23.)  The magistrate judge also aptly noted that the plaintiff "failed to offer any evidence in support of his claims against these defendants" or otherwise demonstrate that any waiver of immunity applies in this case. (*Id.* at 26.)

Indeed, as the magistrate judge correctly notes,

> repeated statements in [the plaintiff's] pleadings, correspondence, affidavits and declarations, and deposition testimony that wrongdoing occurred, without any admissible evidence in support of those statements, constitute mere conjecture, and are not sufficient to defeat [the] defendants' summary judgment motions. [The plaintiff's] unsupported conclusions are simply not enough.

(D.I.156 at 27.)  This court agrees with this observation, and, accordingly, overrules the plaintiff's objections and adopts the magistrate judge's recommendations in this regard.

In addition, the court is also not persuaded by the plaintiff's contention that the magistrate judge erred as a matter of law by granting the defendants' motions for summary judgment without first ruling on the plaintiff's pending Rule 56(f) motion.  Contrary to what the plaintiff seems to suggest, a court is not required to grant a Rule 56(f) motion before ruling on a motion for summary judgment, especially where there are no issues of material fact, or the party seeking discovery has failed to "identify with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314, 30 V.I. 373 (3d Cir. 1994)

6

(quotations omitted). *See also Bradley v. U.S.*, 299 F.3d 197, 207 (3d Cir. 2002) (quoting *St. Surin*). Indeed, this is a matter that falls squarely within the trial court's discretion.[3] Moreover, based on the record in this case, the court is not convinced that the plaintiff has identified what information he seeks, how it would help his case, or why it has not been previously obtained. In fact, as the magistrate judge correctly notes, the plaintiff's "own myriad [of] affidavits and allegations that wrongdoing occurred, without any evidence in support of those claims, are not sufficient to overcome summary judgment." (D.I. 1566 at 16-17) (citing cases). The plaintiff's objection in this regard, therefore, must fail.

The court also rejects the plaintiff's objection that the magistrate judge misapplied the appropriate legal standard for summary judgment. Specifically, the plaintiff argues that the magistrate judge's analysis of the record evidence is inconsistent with the principles set forth in a civil procedure textbook. (D.I. 158 at 9.) The court rejects this argument in its entirety. To the contrary, the magistrate judge correctly identified and thoroughly and properly applied the applicable legal standard for summary judgment to the allegations and facts presented in this case. (D.I. 156 at 9-10.) As previously discussed, and as required under Fed. R. Civ. P. 56, the magistrate judge correctly determined that there are no issues of material fact and that the defendants are entitled to judgment as a matter of law. The Report and Recommendation is replete with examples in the record highlighting the plaintiff's failure to offer any evidence to

---

[3] Fed. R. Civ. P. 56(f) gives a district court discretion to delay a motion for summary judgment to permit the party opposing summary judgment to take additional discovery. Specifically, in relevant part, Rule 56(f) states that "the court *may* . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Fed. R. Civ. P. 56(f) (emphasis added).

7

support any of his numerous allegations.[4]   Indeed, the magistrate judge appropriately considered all of the record evidence, applied the correct legal standard, and properly determined that the plaintiff's "conclusory statements" are insufficient to defeat the defendants' motions for summary judgment. The court, therefore, overrules the plaintiff's objections in this regard.

### B.   The Magistrate Judge Properly Dismissed The State Law Claims And All Of The Remaining Motions

The court is not persuaded by the plaintiff's objections to the magistrate judge's recommendations that the plaintiff's state law claims be dismissed, and that all of the remaining motions in the case be denied as moot. The plaintiff cites no legal basis to refute the magistrate judge's recommendations in this regard. In fact, regarding the state law claims, the magistrate judge properly determined that the court can and should decline to exercise its supplemental jurisdiction over these claims, and that they can and should be dismissed without prejudice. (D.I. 156 at 27.) The magistrate judge also correctly determined that, in light of the court's ruling on the defendants' motions for summary judgment, all of the remaining motions likewise can and should be dismissed as moot. (*Id.*) The court, therefore, overrules the plaintiff's objections to the magistrate judges recommendations in this regard.

---

[4] For example, *see* D.I. 156 at 13 (demonstrating that the record is devoid of any evidence establishing the plaintiff's claims against the City of Rehoboth Beach); *id.* at 14 (demonstrating that the plaintiff failed to provide any evidence that he has suffered severe emotional distress); *id.* at 15 (demonstrating that the plaintiff offered no evidence to support his negligent supervision claim).

## V.     CONCLUSION

For the reasons stated above, the court will overrule the plaintiff's objections, and adopt

the disposition of the pending motions in this case, as recommended by the magistrate judge in

the Report and Recommendation.

Dated: September 1 , 2009

CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JERRY A. HURST,                    )
                                   )
        Plaintiff,                 )
                                   )
            v.                     )      Civil Action No. 04-083-GMS
                                   )
CITY OF DOVER, et al.,             )
                                   )
        Defendants.                )
                                   )

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.      The Plaintiff's Objections to U.S. Magistrate Judge Stark's Report and

        Recommendation and Order Regarding Pending Motions (D.I. 158) are

        OVERRULED; and

2.      U.S. Magistrate Judge Stark's February 13, 2009 Report and Recommendation

        and Order Regarding Pending Motions (D.I. 156) is ADOPTED.

Dated: September 1͞4͞, 2009

CHIEF, UNITED STATES DISTRICT JUDGE